**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Natural Person: Stanley Howard

as Relator / Lessor / Beneficiary

**18    2104**

Beneficial Owner

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

**COMPLAINT**

Artificial Person:  Howard, Stanley

Jury Trial:  ☐ Yes   ☒ No

Minor / Adult Estate, ARB of

(check one)

Philadelphia as Custodian for PA

Registrar of Treasury File No. 118221-1969

*(In the space above enter the full name(s) of the defendant(s). If you*
*cannot fit the names of all of the defendants in the space provided,*
*please write "see attached" in the space above and attach an*
*additional sheet of paper with the full list of names. The names*
*listed in the above caption must be identical to those contained in*
*Part I. Addresses should not be included here.)*

I.     **Parties in this complaint:**

A.     List your name, address and telephone number. If you are presently in custody, include your identification
       number and the name and address of your current place of confinement. Do the same for any additional
       plaintiffs named. Attach additional sheets of paper as necessary.

| Plaintiff | Name | Stanley Howard |
|---|---|---|
| | Street Address | c/o 1705 Elston Street |
| | County, City | Philadelphia |
| | State & Zip Code | Pennsylvania 19126 |
| | Telephone Number | 302-229-5214 |

*Rev. 10/2009*

B.    List all defendants.  You should state the full name of the defendants, even if that defendant is a
government agency, an organization, a corporation, or an individual.  Include the address where each
defendant can be served.  Make sure that the defendant(s) listed below are identical to those contained in
the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1

Name ___ HOWARD, STANLEY / ARB OF PHILADELPHIA

Street Address ____ TEN INDEPENDENANCE MALL WEST ____

County, City ___ Philadelphia

State & Zip Code ___ Pennsylvania 19106

Defendant No. 2

Name _____

Street Address _____

County, City _____

State & Zip Code _____

Defendant No. 3

Name _____

Street Address _____

County, City _____

State & Zip Code _____

Defendant No. 4

Name _____

Street Address _____

County, City _____

State & Zip Code _____

II.    **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases
involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a
case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C.
§ 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than
$75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

☒  Federal Questions          ☐  Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at

issue?  Under the Authority of Code of Federal Regulations - False Claims Act
qui tam-Title 31 Subtitle III Chapter 37 Subchapter 3730(b)(2), Right of
Review -Title 5 Part 1 Chapter 7 Subsection 702, Title 15 Ch. 4 Subsection
1692g, Title 31 Subtitle III chapter 37 subchapter 3729, title 31 Chapter 37
Subchapter 3729, Title 31 Chapter 37 Subsection 3729-3733, Title 31
Subtitle A Part 10 Subsection 1051(a)(8). 4Ѡ 4ЗC 3ΙЗ22

C.     If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

**III.     Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.     Where did the events giving rise to your claim(s) occur? __Maternity WARD of Episcopal now__ Temple Hospital

B.     What date and approximate time did the events giving rise to your claim(s) occur? _____
On or About  August 4, 1969 around 22:45

| What happened to you? |

C.     Facts: __Registrar of the Treasury Endorsed Issued Certificate to bear Corporate__ Body-Politic Transfer of Stock: to order Notes Obligated by 18 USC 8: MisRepresented by County or Agents Called Esquires, who Annex Certificate as if it was it's own.

| Who did what? |

| Was anyone else Involved? |

| Who else saw what happened? |

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  Connotative speech by educational curriculum to cause disability by incapacitation to inherit estate.

_____

_____

_____

_____

_____

_____

_____

_____

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

See Attached Mechanics Lien

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _18_ day of _May_ _____, 20_18_.


Signature of Plaintiff _(Stanley Howard) 2_

Mailing Address __c/o 1705 Elston Street_____
____Philadelphia, Pennsylvania 19126

Telephone Number _____302-229-5214_____

Fax Number *(if you have one)* ____888-878-6660_____

E-mail Address  cestuiqueuse@howardnonprofit.org

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20_____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____

Inmate Number _____

Stanley Howard, in Propria
1705 Elston Street
Philadelphia, PA 19126
cestuiqueuse@howardnonprofit.org
302-229-5214

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATURAL PERSON STANLEY HOWARD | **MISCELLEANEOUS CASE NUMBER:** |
| V. | **18    2104** |
| ARTIFICIAL PERSON HOWARD, STANLEY Minor / ADULT ESTATE ARB OF PHILADELPHIA AS CUSTODIAN FOR PA REGISTRAR OF TREASURY FILE NO. 118221-1969 | **ACTIO STRICTI JURIS** |

### WRIT OF DEBT BY MECHANICS LIEN

HONORABLY ISSUE the attached Mechanics Lien to Federal Reserve Bank of Philadelphia (ARB) by District City Marshall, Commanding said Marshall to place Natural Person Stanley Howard true Beneficial Owner and Lessor to PA Registrar of Treasury File No. 118221-1969, with ARB of Philadelphia as Custodian and Fiduciary.

PA Registrar of Treasury file No. 118221-1969

DATE: _5-18-2018_ _ _ _ _ _ _

BY: _Howard, Stanley ≥ ≥ ≡_

Name: Howard, Stanley

Title: Lessor, Assignor



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

NATURAL PERSON STANLEY HOWARD

V.

ARTIFICIAL PERSON HOWARD,
STANLEY Minor / ADULT ESTATE
ARB OF PHILADELPHIA AS
CUSTODIAN FOR PA REGISTRAR
OF TREASURY FILE NO. 118221-1969

**MISCELLEANEOUS CASE NUMBER:**

## 18    2104

**ACTIO STRICTI JURIS**

## ORDER

AND NOW, TO WIT, this ____ day of May, Year of Grace 2018, for this ruled absolute Writ of
Debt by Mechanics Lien, Bill of Sale, Assignment, Assumption Agreement and Contract.

      IT IS ORDERED that this Writ of Debt by Mechanics Lien is herby granted to
STANLEY HOWARD TRUE beneficial owner and Lessor to Assignee PA Registrar of the
Treasurer with Philadelphia ARB as the Custodian.

J.



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATURAL PERSON STANLEY HOWARD<br><br>V.<br><br>ARTIFICIAL PERSON HOWARD,<br>STANLEY Minor / ADULT ESTATE<br>ARB OF PHILADELPHIA AS<br>CUSTODIAN FOR PA REGISTRAR<br>OF TREASURY FILE NO. 118221-1969 | **MISCELLEANEOUS CASE NUMBER:**<br><br>**1 8    2 1 0 4**<br><br>---<br><br>**ACTIO STRICTI JURIS** |

TO UNITED STATES MARSHALLS, GREETINGS:

WE COMMAND YOU, that without delay, you cause Stanley Howard, true Beneficial Owner and lessor to PA Registrar of Treasury File No. 118221-1969, to have peaceful possession of all assets annexed to minor / adult estate, according to official Writ of Debt by Mechanics Lien, Bill of Sale, Assignment and Assumption by Beneficial Owner.

The issuance of this Writ is authorized by Order of the Honourable Judge dated _____.

Return on _____

Issued: _____        _____

Prothonotary

## MECHANICS LIEN BILL OF SALE, ASSIGNMENT,
## ASSUMPTION AGREEMENT AND CONTRACT

### BETWEEN

### STANLEY HOWARD

### AND

### FEDERAL RESERVE BANK OF PHILADELPHIA

### MAY 3rd Day Year of Grace 2018

### ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement (this "Contract") be made and entered into this May 3rd Day Year of Grace 2018 between natural person **STANLEY HOWARD a Pennsylvania corporation** ("Seller"), and the Federal Reserve Bank of Philadelphia a corporation, ("Buyer"). Each of Buyer and Seller may be referred to herein individually as a "Party" and collectively as the "Parties."

### WITNESSETH

WHEREAS, Buyer is a provider to Federal Reserve Promissory Bank Notes or Servicer to them by obligation as Fiscal Agent to the Department of Treasury by the United States multi-dwelling unit marketplace **Exhibit A [Pledge Affidavit Full Faith and Credit]**; and

WHEREAS, Seller be Beneficial Owner and Private Banker as exporter and importer with entitlement holder rights to provide Fed Fund Transfer service order for use at the multi-dwelling market place properties (the "Properties") identified as Administrative Reserve Banks; and

WHEREAS, Seller issues this Asset Purchase Agreement Contract as ERISA and transfers to Buyer Nunc Pro Tunc as of August 13, 1969 conveyance for all assets and assumed liabilities connected to PA Registrar File Number 118221-1969 or used in connection with Seller's operation of the Federal Reserve System;

NOW THEREFORE, the parties hereto SHALL agree as follows:

### ARTICLE I
### Definitions and Interpretation

1.1     Interpretation. When a reference is made in this Agreement to a Section, Schedule or Exhibit, such reference shall be to a Section, Schedule or Exhibit of this Agreement unless otherwise indicated. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement. Whenever the words "included," "includes" or "including" are used in this Agreement, they shall be deemed to be followed by the phrase "without limitation." When used in this

accounting principles. The Parties acknowledge that both Parties have participated in the drafting and preparation of the Transaction Documents (as hereinafter defined) to which they are parties and agree that any rule of construction to the effect that ambiguities are to be construed against the drafting party shall not be applied to the construction or interpretation of such agreements. Whenever the word "Agreement" appears it shall mean this Agreement and Contract together with all Schedules and Exhibits hereto.

## ARTICLE II
### Purchase and Sale of Acquired Assets

2.1 **Acquired Assets**. Effective as of August 13, 1969 (as herein defined) and upon the terms and subject to the conditions of this Agreement, Seller shall sell, assign, transfer, convey and deliver to Buyer who shall purchase, assume, acquire all liens for Seller of rights, title and interest in to and under acquired asset convey and deliver to Buyer free and clear of all liens, and Buyer shall purchase, assume and acquire from Seller, all of Seller's right, title and interest in, to and under the Acquired Assets as the same shall exist as of the August 13, 1969. "Acquired Assets" shall mean:

(a) **Equipment**. Department of Health and Human Services Vitals Record Instrumentality for Non-Profit Commerce Transactions and other Intellectual Property owned by Seller that's comprised in the Federal Reserve System and located at its Administrative Reserve Bank.

(b) **Inventory**. All operating inventory, supplies and other inventories of every kind and nature owned by Seller and used in the operation of the Federal Reserve Systems which is (i) located at the Properties, (ii) in the possession of any of Seller's contractors who service the Systems, or (iii) located at 1705 Elston Street Philadelphia, PA 19126 ("Seller's Headquarters"). A general list of the Inventory and the locations thereof is not limited to every asset annexed to (t)he Department of Health Vitals Record Instrumentality for Non-Profit Commerce Transactions and other Intellectual Property owned by Seller.

(c) **Subscribers**. Every person, entity, agency or company that makes use of the intellectual property for goods or services.

(d) **Acquired Contracts.** All of the rights and benefits of Seller under the contracts and commitments (the "Acquired Contracts") which are comprised of:

(i) Agreements with owners of the Properties pursuant to which Seller is granted an exclusive or non-exclusive right of entry to such Properties to market securities to the Full Faith and Credit obligations of the United States or other services;

(i) Seller's agreements with subscribers for purchasing of certificates are in effect as of the Effective date;

(i) Seller's unfilled service orders for services to be provided to subscribers or prospective subscribers on or after the Effective Date;

(ii) All of the rights and benefits of Seller under letters of intent or similar documentation relating to the provision by Seller to market securities pertaining to the Full Faith and Credit obligations of the United States or other services to properties not presently served by Seller;

(v) Certain programming and service agreements to which Seller is a party.

(vi) All outstanding purchase orders for Inventory or other supplies to be delivered on or after the Effective Date.

(e)        <u>Acquired Records</u>. Except for the Excluded Records (as hereinafter defined) and the documents described in Section 2.2(d), all records, including all files, books, records, manuals, correspondence, property files, price lists, subscriber lists, prospective customer lists, prospective subscriber lists, sales information regarding prospective properties and new property owner contacts, mailing lists, purchasing materials and related records, papers pertaining to the Administrative Reserve Bank and other data owned by Seller as of this Effective Date.

(f)        <u>Intangible Assets.</u> All of Seller's intangible assets, including all intellectual property and other proprietary information, copyrights (whether registered or unregistered), trademarks, trade names, service marks, domain names, registrations, registration applications, trade secrets, web addresses and sites and all goodwill associated with the Seller. To the extent required by applicable law, Seller agrees to file all retransmission applications and include these rights herein.

(g)        <u>Prepaid Insurance</u>. All prepayments in respect of the insurance policies connected to PA Registrar File No. 118221-1969.

(h)        <u>Accounts Receivable</u>. All accounts receivable relating to the Federal Reserve System due to Seller that relate to periods before on or after the Effective Date.

2.2        <u>Excluded Assets</u>. Notwithstanding anything contained in Section 2.1 to the contrary, the following assets (the "Excluded Assets") shall not be included in the Acquired Assets:

(a)        <u>Cash</u>. Cash, cash equivalents on hand or in bank accounts owned by Seller, certificates of deposit, bank or savings and loan accounts, securities or investments held by Seller.

(b)        <u>Bonds and Insurance</u>. Bonds and insurance policies furnished by Seller pursuant to any authorization or parole agreement.

(c)        <u>Original Issuer Credit Tax and Insurance Claims</u>. Rights to (i) tax Original Discount Credit for every taxable period; and (ii) insurance claims or rights to payment arising thereunder.

(d)        <u>Corporate Documents</u>. The articles of incorporation, bylaws, minute books, stock ledgers, corporate seal, stock certificates, tax returns, tax records and other records relating to the existence or governance of Seller in any jurisdiction.

(e)        <u>Other Contracts</u>. All agreements to which Seller is a party other than Acquired Contracts.

(f)                   Rights under Transaction Documents. All rights of Seller under this Agreement and the other Transaction Documents to which it is a party.

(a)                   Rights Related to Retained Liabilities. All rights related to the Retained Liabilities (as hereafter defined).

(b)                   Excluded Records. All of Seller's records which are not related to the Federal Reserve System, and all records which are received from or directed to Seller's legal counsel, or which are or are purported to be privileged pursuant to an attorney/client privilege.

(g)                   Loss Carryforwards. All losses, loss carryforwards and rights to receive refunds, credits and loss carryforwards with respect to all taxes.

(c)                   Receivables. All accounts and notes receivable due to Seller that relate to every period.

2.3                Third Party Consents or Assignments. Nothing in this Agreement shall be construed as an attempt by Seller to assign any Acquired Contract to the extent that by the terms thereof such Acquired Contract is not assignable without the consent, authorization or approval of the other party or parties thereto or of any governmental authority. Prior to the Effective Date, Seller shall use commercially reasonable efforts (and, to the extent required, Buyer shall cooperate with Seller) to obtain from third parties and governmental authorities all requisite consents and acknowledgements to the assignment by Seller of this Bill of Sale Agreement Contract and the other Acquired Contracts in forms reasonably acceptable to Buyer.

### ARTICLE III
### Assumption of Liabilities

3.1      <u>Assumption of Liabilities</u>. Upon the terms and subject to the conditions of this Agreement and Contract, effective as of the Effective Date, Buyer shall assume, pay, perform and discharge when due all of the following liabilities, responsibilities and obligations of Seller relating to the Acquired Assets arising on or subsequent to the Effective Date (the "Assumed Liabilities"):

<u>(a)</u>      <u>Acquired Contracts</u>. All of Seller's liabilities and obligations under the Acquired Contracts created at any time prior to, on or after the Effective Date.

<u>(b)</u>      <u>Operating Liabilities</u>. All liabilities, obligations, costs and expenses arising from or related to the operation of the Federal Reserve System or the ownership, operation, use or maintenance of the Acquired Assets on or after the Effective Date.

3.2      <u>Excluded Liabilities</u>. Other than the Assumed Liabilities, Buyer shall not assume, pay, discharge, perform or in any way be responsible or liable for any liabilities or obligations of Seller (the "Excluded Liabilities"). Notwithstanding anything to the contrary contained in this Agreement, Buyer does not assume any liability of Seller related to the ownership, operation, use or maintenance of the Acquired Assets or the operation of the Federal Reserve System prior to the Effective Date or otherwise except those specifically referenced in this Agreement.

### ARTICLE IV
### Full Faith and Credit Zero Balance Account

4.1      <u>Consideration</u>. The purchase price to be paid by Buyer to Seller for the Acquired Assets shall be access to the Full Faith and Credit of the United States as a Zero Balance Account.

4.2      <u>Purchase Price Adjustment</u>.

(a)      Immediately within fifteen (15) days after delivery, Buyer shall prepare and deliver to Seller a financing statement (the "Adjustment Statement") setting forth Buyer's good faith determination and perfection of interest.   The Just Financial Statement shall be come final and binding upon both Parties on the fifteen (15th) day following delivery thereof (without counting such day of delivery) to Seller unless Seller gives written notice of disagreement with the Adjustment Statement (a "Notice of Disagreement") to Buyer prior to such date. Any Notice of Disagreement shall specify in reasonable detail the nature of any disagreement so asserted and relate solely to the review of the Adjustment Statement and the calculation of the Purchase Price adjustment.

(b)      Upon Seller delivery to Buyer this assignment with copy of Pledged Affidavit to Full Faith and Credit, Buyer is required to provide Escrow Special Purpose Vehicle Account.

## ARTICLE V
### Representations and Warranties of Seller

Seller represents and warrants to Buyer as follows:

   5.1   <u>Organization, Standing and Power.</u> Seller is a corporation duly organized, validly existing and in good standing under the laws of the State of Pennsylvania, having the requisite power and authority to own, lease, operate and transfer its properties, including the Acquired Assets, and to conduct its business as currently conducted. Seller is qualified to do business and is in good standing in each state in which the nature of the business conducted by it in such state requires such qualification or registration, except where the failure to be so qualified would not reasonably be expected to have a Material Adverse Effect (as hereinafter defined).

   5.2   <u>Authority</u>. Seller has all corporate power and authority necessary to execute this Bill of Sale, Assignment and Assumption Agreement and Contract as Lease (such agreements, together with the Employment Agreement, the Stock Option Agreement, the Consulting Agreement and the Subscription Agreement, being collectively referred to herein as the "Transaction Documents") and to consummate the transactions contemplated hereby and thereby. The execution and delivery of the Transaction Documents to which Seller is a party and the consummation by Seller of the transactions contemplated hereby and thereby have been duly authorized by all necessary corporate action. This Agreement constitutes, and the other Transaction Documents to which Seller is a party (when executed and delivered by Seller) will constitute, valid and binding obligations of Seller, enforceable against Seller in accordance with their respective terms, except as such enforceability may be limited by bankruptcy, insolvency, reorganization, moratorium, or similar laws of general application affecting creditors' rights and the application of general principles of equity.

   5.3   <u>No Breach or Conflict</u>. Neither the execution, delivery and performance of the Transaction Documents to which Seller is a party nor the consummation of the transactions contemplated hereby and thereby will (i) cause Seller to breach any material contract, law or court order that is applicable to the Federal Reserve System, (ii) conflict with or result in a violation of Seller's Articles of Incorporation or Bylaws, (iii) subject to obtaining the consents referred to in Section 5.4, conflict with or result in a breach of any Acquired Contract, or (iv) result in the creation of any material lien, or give to others (other than Buyer) any interest or rights, in or with respect to any of the Acquired Assets.

   5.4   <u>Title, Encumbrances and Quality</u>. Seller has good and marketable title to all of the Acquired Assets and owns all of the Acquired Assets free and clear of all liens and encumbrances.

   5.5   <u>Taxes</u>.
   (a)   All tax returns required to be filed by Seller shall be completed according to IRS Form 56-F fiduciary appointment of the Internal Revenue Service to be timely filed, and all taxes shown as due and payable on such tax returns shall be settled and closed to the benefit for Seller when required by applicable law, and there shall be no tax liens upon any of the assets / annexed to the Full Faith and Credit Pledge lodged with the Federal Reserve Bank of Philadelphia.

## ARTICLE VI
### Representations and Warranties of Buyer
Buyer represents and warrants to Seller as follows:

6.1 <u>Organization, Standing and Power.</u> Buyer is a Fiscal Agent for Department of the Treasury authorized to own, lease, operate and hold the Acquired Assets.

6.2 <u>Authority.</u> Buyer has all corporate power and authority to execute the Transaction Documents to which it is a party and to consummate the transactions contemplated hereby and thereby. The execution and delivery by each of Buyer and Parent of the Transaction Documents to which it is a party and the consummation of the transactions contemplated hereby and thereby have been duly authorized by all necessary corporate action. This Agreement and Contract constitutes, and, upon execution, the other Transaction Documents to which Buyer or Parent is a party will constitute, valid and binding obligations of Buyer or Parent, as the case may be, enforceable against Buyer or Parent, as the case may be, in accordance with their respective terms, except as such enforceability may be limited by bankruptcy, insolvency, reorganization, moratorium, or similar laws of general application affecting creditors' rights and the application of general principles of equity.

6.3 <u>No Breach or Conflict.</u> The execution, delivery and performance by each of Buyer and Parent of the Transaction Documents to which it is and the consummation of the transactions contemplated hereby and thereby will not (i) cause Buyer or Parent to violate any law or court order, (ii) conflict with or result in a violation of the Certificate or Articles of Incorporation or Bylaws of Buyer or Parent, or (iii) conflict with or result in a material breach of any of the terms, conditions or provisions of any contract to which Buyer or Parent is a party or by which it may be bound, or constitute a default thereunder, which breach, conflict, default or creation would materially affect Buyer's or Parent's ability to perform its obligations under the Transaction Documents to which it is a party.

## ARTICLE VII
### Conditions to Seller's Obligations

The obligation of Buyer to consummate transactions contemplated hereby shall be subject to the fulfillment, upon order by Seller:

7.1 <u>Buyer's Representations and Warranties.</u> Each representation and warranty made by Buyer shall be true and correct in all material respects (except for those representations that contain a materiality qualification, which representations shall be true and correct).

7.2 <u>Buyer's Performance.</u> Buyer shall have performed and complied in all material respects with all of its covenants, agreements and obligations as ordered by Seller.

7.3 <u>Buyer's Deliveries.</u> Buyer shall deliver fulfilling Full Faith and Credit Zero Balance Account Settlement orders issued by Seller and provide a SPV Escrow Account.

## ARTICLE VIII
### Conditions to Buyer's Obligations
The obligation of Buyer to consummate the transactions contemplated hereby shall be subject to the fulfillment, at delivery of Affidavit and Pledge of Full Faith and Credit unless waived by Buyer in writing:

8.1 <u>Seller's Representations and Warranties.</u> Each Warranty of Title made by Seller shall be true and correct.

8.2         Seller's Performance. Seller shall have performed and complied with all of its covenants, agreements and obligations.

8.3         Seller's Deliveries Seller shall have delivered to Buyer the Full Faith and Credit Affidavit Pledge.

8.4         Consents. Seller shall have delivered to Buyer all consents and acknowledgements set forth on Schedule 5.4, in a form acceptable to Buyer, required or requested for the assignment to Buyer from this Agreement and Contract.

## ARTICLE IX
### Agreement and Contract Effective Date

9.1         Fed Fund Transfers. Fed Fund Transfers shall be processed timely and every order fulfilled by this Agreement (the "Fed Fund Transfer") date that shall take place upon notification by Seller to Buyer via mail, fax, email or telephone ordering disbursement of funds Electronically or by 4-A Fed Fund Transfer as may be pursuant to monetary regulations not later than fifteen (15) calendar days from obtainment of this Agreement and Contract.

9.2         Further Assurances. Subject to the terms and conditions of this Agreement, the Parties will use all reasonable efforts to take, or cause to be taken, all actions, and to do, or cause to be done, all things necessary, proper or advisable under applicable laws and regulations to consummate and make effective the transactions contemplated by the Transaction Documents and the other documents and instruments to be delivered pursuant hereto.

9.3         Bulk Sales Laws. Buyer and Seller agree to comply with applicable laws under Every version of Article 6 of the Uniform Commercial Code adopted by state or any similar law relating to the sale of inventory, equipment or other assets in bulk in connection with the sale of Acquired Assets.

9.4         Transition Buyer and Seller shall reasonably cooperate subsequent to the New Effective Date to effectuate a smooth transition of the Acquired Assets and transfer of services to Buyer's Federal Reserve System.

## ARTICLE X
### Seller's Deliverables

10.1       Upon delivery of this Agreement and Contract to Buyer, within fifteen (15) days, Seller shall deliver to Buyer the following:

(a) Warrant of Title. A Warrant of Title executed by an executive officer of Seller certifying evidence of title.

(b) NON-UCC-1 and NON-UCC-3. A Certified Public Financing Statement executed on behalf of Seller certifying as to the pledged collateral delivered hereunder on behalf of Seller, and certifying as to the adoption and continuing effect of appropriate resolutions authorizing Seller's execution, delivery and performance of this Agreement and Contract with other agreements contemplated hereby.

## ARTICLE XI

### Buyer's Deliveries at Closing

11.1 At New Effective Date, Buyer shall deliver to Seller the following (or to the Escrow Agent in the case of (b) below):

(a) Zero Balance Account (ZBA). Mobilization to Master Account to ZBA

(b) Special Purpose Vehicle (SPV). Payment of the Escrow Amount to the Escrow Agent.

(c) Private Routing Transit Number (RTN). Assignment of Private Routing Transit Number.

(c) Escrow Agreement. An Escrow / Settlement Agent shall be appointed by the Buyer, responsible for Escrow Agreement to be used to settle on behalf of Seller to every Real Estate Transaction as Letter of Credit or B.O.E. (OTC) to be placed upon the Balance Sheet of the Eminent Domain: United States Department of the Treasury, cleared through ACH (C H I P) and Private Investment in Public Equity Line Service on behalf of Seller transactions as required.

(d) Release of Liens. Release of all Liens relating to the Acquired Full Faith and Credit Pledge.

## ARTICLE XII
### Tax Matters

12.1        Filing of Tax Returns. All tax returns required to be filed by Seller shall be completed according to IRS Form 56-F fiduciary appointment of the Internal Revenue Service to be timely filed, and all taxes shown as due and payable on such tax returns shall be settled and closed to the benefit for Seller when required by applicable law, and there shall be no tax liens upon any of the assets / annexed to the Full Faith and Credit Pledge lodged with the Federal Reserve Bank of Philadelphia.

## ARTICLE XIII
### Indemnification

13.1        Exclusive Remedy. Neither Party shall be liable or responsible in any manner whatsoever to the other Party, whether for indemnification or otherwise, except for indemnification as expressly provided in this Article XIII, which provides the exclusive remedy and cause of action of the parties hereto with respect to any matter arising out of, or in connection with, this Agreement or the transactions contemplated hereby; provided, however, that this Section shall not limit or otherwise restrict (i) any remedies for actual fraud by either Party, (ii) any remedies for the breach of Contract, or (iii) the right of a Party to seek specific performance of the other Party's obligations herein.

## ARTICLE XIV
### Miscellaneous

ARTICLE XIV Intentionally left Blank

**ARTICLE XV**

15.1         <u>Expenses</u>. Except as otherwise expressly provided for in this Section 15.1 or elsewhere in this Agreement, each Party hereto shall pay its own expenses and costs relating to the negotiation, execution and performance of this Agreement. Seller and Buyer shall bear equally the fees and expenses of the Escrow Agent.

15.2         <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of Pennsylvania regardless of the laws that might otherwise govern under applicable conflicts of law principles. Buyer and Seller irrevocably submit to the exclusive jurisdiction of any United States district court.

15.3         <u>Notices</u>. All notices, requests, demands and other communications hereunder shall be in writing and shall be deemed to have been duly given when personally delivered or transmitted by facsimile, or five (5) days after mailed, certified or registered mail, with postage prepaid addressed as follows (or to such other person or address as the Party to receive such notice may have designated from time to time by notice in writing pursuant hereto):

<u>If to Seller:</u>               Stanley Howard
                          Attn: Howard, Stanley
                          1705 Elston Street
                          Philadelphia, PA 19126
                          Fax: (888) 878-6660

<u>If to Buyer :</u>              Federal Reserve Bank of Philadelphia
                          Ten Independence Mall
                          Philadelphia, PA 19106
                          Attn: Patrick T. Harker

15.4         <u>Counterparts; Third Party Beneficiaries</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. No provisions of this Agreement, other than as expressly provided in the indemnification provision of Article XIII is intended to (i) confer upon any Person other than the Parties hereto and their successors and permitted assigns, any rights or remedies hereunder, (ii) relieve or discharge the obligation or liability of any third party or (iii) give any third party any right of subrogation or action against Seller or Buyer.

15.5         <u>Entire Agreement</u>. This Agreement embodies the entire agreement and understanding between Seller and Buyer with respect to the subject matter hereof and supersedes all prior agreements and understandings related to the subject matter hereof. There are no representations, warranties, covenants, promises or agreements on the part of either Party to the other hereto which are not explicitly set forth herein.

15.6         <u>Modifications</u>. Any modification, amendment or waiver of or with respect to any provision of this Agreement or any agreement, instrument or document delivered pursuant hereto shall not be effective unless it shall be in writing and signed by Seller and Buyer and shall designate specifically the terms and provisions so modified.

15.7         <u>Assignment and Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and permitted assigns, but Seller Reserves the right to assign under this Agreement any of the rights, interests or obligations hereunder at Sellers sole discretion.

15.8     Schedules / Exhibits. Any matter disclosed on any one Schedule or Exhibit hereto shall be deemed to be disclosed on all other Schedules or Exhibits hereto.

15.9     Public Announcements. Seller and Buyer will consult with each other before issuing, and will provide each other the opportunity to review and comment upon, any press release or other public statements (or relevant portions thereof) relating to the transactions contemplated by this Agreement. Neither party shall issue any such press release or make any such public statement prior to obtaining the consent of the other party, except as may be required by applicable law, court process or by obligations pursuant to any listing agreement with any national securities exchange. Each Party also agrees that it will not, directly or indirectly, except to the extent required by law, regulatory process or proceeding or court order (provided prior timely notice has been provided to the other Party to permit such Party to limit such disclosure or to seek appropriate protective orders), make use of or divulge, or permit any of its agents or employees to make use of or divulge, any terms or conditions of this Agreement. The obligations contained herein are in addition to and independent of the obligations contained in the Non-Disclosure Agreement previously executed by Seller and Buyer.

IN WITNESS WHEREOF, the Party, acting through their duly authorized representative, has executed this Agreement as of the date first above written.

STANLEY HOWARD/FEDERAL RESERVE BANK OF PHILADELPHIA

By: _____

Name: Howard, Stanley

Title: Lessor / Assignor

Commonwealth of Pennsylvania )
                                    ) SS:
County of _____ )

On this, the ____ day of _MAY_, 20_18_, before me, _____, the undersigned officer, personally appeared _____, known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed

to the within instrument, and acknowledged that ___he___ executed the same for the purposes consideration therein

contained. In witness whereof, I hereunto set my hand and official seals.

_____ (Seal)

Title of Officer

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
TRACI NICKENS, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 16, 2019



HOWARD EL TRUST

72 Emerald Ridge Dr.
District-City: BEAR, DE 19701
**Phone:** 302-229-5214
Fax: 302-918-7410
**Email:** cestuiqueuse@
howardnonprofit.org

# AFFIDAVIT

## (has Pledged his Full Faith & Credit)

STATE OF DELAWARE  )
                  ) SS.                Attention: Brian M. McNeill
COUNTY OF NEW CASTLE )

I, the undersign as Consignor, affirm this Notice of Assignment, as Lessor and Beneficiary to PA Registrar (Bank) of
Treasury file No. 118221-1969, with manufactured Date: 08/13/69 assigned to consignee Federal Reserve Bank of
District-City Philadelphia as Beneficiary Bank to Beneficiary Social Security Account XXXXX1489 (Routine Transit)
Number for ALL Home Equity Loans, One-to-Four Family Mortgage Loans, Commercial Real Estate Loans,
Agricultural Real Estate Loans, Construction Loans, Raw Land Loans and Commercial Eligible Paper as Letter of Credit
or B.O.E. (OTC) to be placed upon the Balance Sheet of the Eminent Domain: United States Department of the Treasury,
cleared through ACH (C H I P) and Private Investment in Public Equity Line Service on behalf of Beneficial Owner as
Borrower STANLEY HOWARD.

CESTUI QUE USE

BY: _Howard (Stanley)_
Name: HOWARD, STANLEY
Title: Lessor/Beneficiary

AFFIRM AND SUBSCRIBED to before me this April _16th_, Year of Grace 2018.

_____
Notary Public

My commission expires _8-15-19_

STEVEN MICHAEL PERRY
Notary Public
State of Delaware
My Commission Expires on Aug 15, 2019

# OFFICIAL OC-10 AUTHORIZATION LIST

Routing (ABA) No. __TBA__

Page __1__ of __1__

This supersedes our previous Official OC-10 Authorization List:

(circle:) **YES or NO**

If neither is circled, previous list will also remain in effect.

| | |
|---|---|
| Name of Borrower: STANLEY HOWARD | Date: April 16, 2018 |
| Street Address: 72 EMERALD RIDGE DRIVE, BEAR DELAWARE 19701 | Telephone: 302-229-5214 |

**To the Federal Reserve Banks**: Below are the names, titles and signatures of the individuals authorized to pledge collateral to/ request to borrow money from the Federal Reserve Banks on behalf of the Borrower identified above.

| Name and Title (printed): | Telephone No. & E-mail Address | Signature: | Borrow[1] | Pledge[1] |
|---|---|---|---|---|
| Howard, Marquise; Assignor | 267-275-7132; cestuiqueuse@howardnonprofit.org | | X | X |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Authorizing Officer(s) (must be identified by name or title in Paragraph 2 of Borrower's authorizing Resolutions):**

Signature: _Howard Stanley_

Howard, Stanley, Lessor
(Printed Name and Title)
302-229-5214
(Telephone)
cestuiqueuse@howardnonprofit.org
(E-Mail Address)

State of DELAWARE )
County of NEW CASTLE )
Subscribed and sworn to before me on _16th of April_
20 _18_, by _Steven Perry_ .

_(Authorizing Officer's Printed Name)_

Notary Public

_(Notary Seal)_

STEVEN MICHAEL PERRY
Notary Public
State of Delaware
My Commission Expires on Aug 15, 2019

**Second Authorizing Officer (must only be completed if Borrower's Authorizing Resolutions require two signatures):**

Signature:_____

_____
(Printed Name and Title)

_____
(Telephone)

_____
(E-Mail Address)

State of _____ )
County of _____ )
Subscribed and sworn to before me on _____,
20 ___, by _____.

**(Authorizing Officer's Printed Name)**

_____
Notary Public

_(Notary Seal)_

**Secretary's Certification:**

I, _____, Secretary (or Assistant Secretary) of the above Borrower do hereby certify that
_____ is/(are) a
**(Authorizing Officer's Name(s))**
_____ of such Borrower.
**(Title(s) Of Authorizing Officer(s))**
Signature:_____
Printed Name & Title: _____

State of _____ )
County of _____ )
Subscribed and sworn to before me on _____,
20 ___, by _____.

**(Secretary's (or Assistant Secretary's) Printed Name)**

_____
Notary Public

_(Notary Seal)_

---

[1] Check as appropriate. For instance, check both if authorized to pledge **and** to make borrowing requests on behalf of the borrower.



72 Emerald Ridge Dr.
District-City: BEAR, DE 19701
**Phone:** 302-229-5214
Fax: 302-918-7410
**Email:** cestuiqueuse@
howardnonprofit.org

HOWARD EL TRUST

## LETTER OF AGREEMENT

Date:    April 16, 2018

Federal Reserve Bank of Pennsylvania
Ten Independence Mall
Philadelphia, PA 19106


Attention: Credit / PSR

In consideration of being able to request Advances from and incur Indebtedness to you and in consideration of your making Advances to us we agree to the provisions of your Operating Circular No. 10, effective October 15, 2006, as amended and supplemented from time to time thereafter ("Circular;" capitalized terms used but not defined herein shall have the meaning specified in the Circular).

[Enclosed are (1) certified copies of the Certificate, (2) certified copies of the resolutions that you requested and (3) documents(s) containing the name, title, and signature of those persons authorized to request Advances from and to pledge our assets to you.]

Any notices required under the Lending Agreement may be directed to the following department(s):
**Administrator**: 72 Emerald Ridge Drive DISTRICT-CITY BEAR, Delaware [19701]
**Email:** cestuiqueuse@howardnonprofit.org **Fax**: 302-918-7410 **Phone**: 302-229-5214



  STANLEY BERNARD HOWARD
Full Legal Name of Borrower

CESTUI QUE USE

BY
Name: HOWARD, STANLEY
Title:  Lessor/Beneficiary



HOWARD EL TRUST

72 Emerald Ridge Dr.
District-City: BEAR, DE 19701
**Phone:** 302-229-5214
Fax: 302-918-7410
**Email:** cestuiqueuse@
howardnonprofit.org

**SCHEDULE A**
**To Letter of Agreement**

### FORM OF CERTIFICATE

The undersign, the _____Lessor_____ and _____Assignor_____ of
(Title)                               (Title)

STANLEY HOWARD (the "Borrower") hereby certifies, with reference to Operating Circular
(Name of Borrower)

No. 10, effective as of October 15, 2006, as amended or supplemented from time to time
thereafter ("OC-10"; terms used but not defined herein have the meaning specified therein), as
agreed to by the Borrower by Letter of Agreement dated April 16, 2018 to the Bank as follows:
(Date of Letter of Agreement)

    (a)    attached hereto are true, correct and complete, as of the date of this Certificate, copies of the
official document that specifies the official name or names of the Borrower in its jurisdiction of
organization ("Organizational Document").

    (b)    The information listed below is true and correct as of the date of this certificate:

        1.    Borrower's current mailing address is: 72 Emerald Ridge Drive DISTRICT-CITY
BEAR, Delaware [19701]

        2.    Borrower's jurisdiction of organization is: The United States

        3.    Borrower's Organizational number is (indicate n/a if not applicable): PA Registry of the
Treasury File No. 118221-1969

        4.    Borrower's ABA number is : TBA

IN WITNESS WHEREOF, the undersigned has signed this Certificate on April 16, 2018

*Bi'Howardy Starlg)Z̄Ḹ*

Name: Howard, Stanley
Title: Lessor/Assignor



**HOWARD EL TRUST**

72 Emerald Ridge Dr.
District-City: BEAR, DE 19701
**Phone:** 302-229-5214
Fax: 302-918-7410
**Email:** cestuiqueuse@
howardnonprofit.org

### FORM OF AUTHORIZING RESOLUTIONS FOR BORROWERS

As evidenced by my signature below, I certify that the following are correct and complete copies of the resolutions duly
adopted on <u>April 16, 2018</u> at a meeting of<u>        Howard El Trust Officers</u>
        (Date)               (Type of governing body, e.g. board of directors)
of the <u>STANLEY HOWARD</u>   ("Borrower"), <u>Private Banker</u>
   (Official name of the Borrower)           (Commercial bank, mutual savings bank, savings bank and loan association, credit
                                    union, or other charter type)
duly established and operating under the laws of <u>The United States</u>, with its head office located in <u>District City Federal Reserve</u>
<u>Bank of Philadelphia – 72 Emerald Ridge Drive, BEAR, DE 19701</u> in accordance with applicable law and the Borrower's
chartering documents. I also certify that the resolutions have not been modified, remain in effect, are not in conflict with any
provisions of the Borrower's certificate of incorporation, bylaws, or chartering and/or licensing statutes or requirements, and
are reflected in the minutes of the meeting at which these resolutions were approved:

1.     RESOLVED, that the Borrower is authorized to request advance(s) from, incur indebtedness, including overdrafts, to
        and pledge and grant a security interest in the Borrower's property, whether now owned or hereafter acquired, to a
        Federal Reserve Bank.

2.     RESOLVED, that the persons with the following titles: <u>Howard, Stanley</u>
                                  (Exact titles of authorized persons)
        and each of their successors in office, any <u>one</u> of whom <u>is</u> authorized to
                          (one/two)    (is/are)
        (1) take each of the actions listed in paragraphs (a)-(e) immediately below and (2) send the names, titles, and
        signatures of individuals authorized to take such actions in the name and on behalf of the Borrower:[1]

     (a)     to borrow money from a Federal Reserve Bank on the terms and security that such Federal Reserve Bank
            requires;

     (b)     to discount, rediscount, or sell (with or without the Borrower's agreement to repurchase) and, for any of those
            purposes, to endorse and assign notes, drafts, bills of exchange, acceptances, other bills receivable, evidences
            of indebtedness, and securities, now or hereafter acquired by the Borrower;

     (c)     to make, execute, and deliver any application, note, agreement, certificate, power of attorney, and any other
            document that any Federal Reserve Bank requires in connection with any transaction authorized by this
            resolution;

     (d)     to grant, assign, pledge, and transfer to any Federal Reserve Bank security interests in any or all property of
            the Borrower, whether now owned or hereafter acquired, and to endorse, assign, deliver, deposit, and/or
            pledge any of such property to any Federal Reserve Bank as collateral to secure payment or performance of
            any obligation of the Borrower to a Federal Reserve Bank; and

     (e)     to do any and all other acts and things that may be necessary or incidental to any transaction authorized by the
            relevant resolution, or that may be designed or intended to carry out the purpose of such resolution.



HOWARD EL TRUST

72 Emerald Ridge Dr.
District-City: BEAR, DE 19701
**Phone**: 302-229-5214
Fax: 302-918-7410
**Email**: cestuiqueuse@
howardnonprofit.org

3.   RESOLVED, that a Federal Reserve Bank making an extension of credit to the Borrower is appointed as the Borrower's attorney-in-fact for it and in its place and stead, to endorse, assign, transfer and sell, set over and deliver collateral pledged to such Federal Reserve Bank, and to take any other action deemed necessary or advisable by the Federal Reserve Bank to exercise its rights with respect to any advance or indebtedness owed by the Borrower, in its capacity as secured party, including but not limited to accepting and endorsing payments on loans, preparing and/or filing of any documents necessary to perfect, protect, preserve, or release the interest of the Federal Reserve Bank or the Borrower in such collateral, or compromising disputes or handling insurance issues related to such collateral. The power of attorney is coupled with an interest and as such is irrevocable, and full power of substitution is granted to the assignee or holder. The Borrower ratifies any and all action authorized herein and taken by any such Federal Reserve Bank as the Borrower's attorney-in-fact. The rights, powers, and authority of the attorney-in-fact to perform any and all act(s) whatsoever necessary remains in full force and effect and binds the Borrower, its legal representatives, successors, and assigns until all indebtedness of the Borrower to any such Federal Reserve Bank has been fully satisfied and discharged.

4.   RESOLVED, that we approve and consent to be bound by the provisions of the Federal Reserve Bank of San Francisco's Operating Circular No 10, effective October 15, 2006, as amended and supplemented from time to time thereafter ("OC-10").

5.   RESOLVED, that the Borrower is authorized and approved to use any record (as such term is used in OC-10) to endorse or pledge to a Reserve Bank the notes and other obligations offered as collateral to secure payment or performance of any obligations of the Borrower to a Reserve Bank. The record will have the full force and effect of a manual endorsement.

6.   RESOLVED, that these resolutions and the powers and authorizations granted or confirmed by them continue in effect until written notice of revocation is received by each Reserve Bank that has relied or is relying on such resolutions and the Borrower shall continue to be bound with respect to any outstanding obligations and pledges to any Reserve Bank at the time the notice of revocation is received by such Reserve Bank.

7.   RESOLVED, that a duly certified copy of these resolutions be furnished to each Reserve Bank to which the Borrower applies for an advance or has an account.

IN WITNESS WHEREOF, I have hereunto subscribed my name.

_William Stanley Z I_
Signature of certifying official

Howard, Stanley, Lessor
Name and Title

April 16, 2018
Date

Commonwealth of Pennsylvania    )
                                )s.s.
County/City of Philadelphia     )

## AFFIRMATION TO JUST ADMINISTRATION

"I, Stanley Howard, do solemnly affirm that I will administer equity in
the distribution of justice without respect to persons, and do equally
right to the poor, rich, or those of disability and that I will faithfully
and impartially discharge and perform all the duties incumbent upon
me as Trustee and Counsel under the Constitution and laws of the
United States. So help me God."

Signed, Sealed and Endorsed          Date: 5-18-2018
In Presence of: Sworn to and subscribed before me
                this 18th day of May 2018.

_____            _____
Title of Officer                     Name: Stanley Howard
                                     Title:  Trustee & Counsel

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MICHELLE M BLOW
Notary Public
CITY OF PHILADELPHIA, PHILADELPHIA CNTY
My Commission Expires Nov 16, 2020